UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2252(DSD/SRN)

Brent R. Cobb, Frank J. Wilary and Eric J. Nokken, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian,

Defendants.

Gary J. Gordon, Esq., Michael W. Unger, Esq., Gregory M. Erickson, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for plaintiffs.

Timothy D. Kelly, Esq., Ann C. Hoffman,, Esq. and Kelly & Berens, 3720 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and Robert N. Eccles, Esq., Gary S. Tell, Esq. Shannon M. Barrett, Esq. and O'Melveny & Myers, 555 13th Street N.W., Suite 500W, Washington, D.C. 20004-1109, counsel for defendants.

This matter is before the court on the motion of plaintiffs Brent R. Cobb ("Cobb"), Frank J. Wilary ("Wilary") and Eric J. Nokken ("Nokken")[1] for certification of a class[2] pursuant to Rule

[1] Plaintiffs also move for designation as class representatives and for designation of Rider Bennett Egan & Arundel LLP, Michael W. Unger, Gary J. Gordon and Gregory M. Erickson as (continued...)

FILED 11-20-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

23 of the Federal Rules of Civil Procedure. For the following reasons, the court conditionally grants plaintiffs' motion.

**BACKGROUND**

In this action plaintiffs allege that defendants, Conseco Services, L.L.C. ("Conseco"), Rollin M. Dick ("Dick"), John J. Sabl ("Sabl"), James S. Adams ("Adams") and Thomas J. Kilian ("Kilian") breached their duties as trustees and fiduciaries of the ConsecoSave Plan, an employee pension plan, in violation of the Employee Retirement Income Security Act of 1974, ("ERISA") as amended.

---

[1](...continued)
class counsel.

[2]Plaintiffs describe the putative class as

> [a]ll individuals who are current of former participants or beneficiaries of the ConsecoSave Plan and who, on December 31, 1999 were participants in the Green Tree Financial Corporation 401(k) Plan and who, as of December 31, 1999, had some or all of their retirement assets in their Green Tree Financial Corporation 401(k) Plan invested in the International Fund, Regional Equity Fund, Growth Index Fund, Equity Income Fund, Equity Index Fund, Fixed Income Fund, Balanced Fund or Money Market Fund investment options of the Green Tree Financial Corporation 401(k) Plan.

Pl's. Memo in Support of Class Certification at 1.

Conseco, a financial services company, is the plan sponsor and plan administrator of the ConsecoSave Plan. The individual defendants are officers of Conseco and are also the appointed plan trustees of the ConsecoSave Plan.

In 1998, Conseco, Inc. acquired Conseco Finance Corporation, formerly known as Green Tree Financial Corporation ("Green Tree"). As a result of the acquisition, the Conseco Benefits Committee members (all individually named defendants in this action) determined that the existing Green Tree employee retirement plan known as the Green Tree Corporation 401(k) Plan ("Green Tree 401(k) Plan") would be merged with the existing ConsecoSave Plan.

Plaintiffs claim that in its capacity as plan sponsor and plan administrator, Conseco informed participants in the Green Tree 401(k) Plan, including plaintiffs, that the Green Tree 401(k) Plan was to be merged with the ConsecoSave Plan on January 1, 2000. This was to be accomplished by the liquidation and transfer of the Green Tree 401(k) Plan funds into corresponding investments in the ConsecoSave Plan. However, the liquidation and transfer of Green Tree 401(k) funds did not take place on January 1, 2000, but rather on or about March 9, 2000.

Plaintiffs allege that they and other unnamed members of the putative class suffered collective losses in excess of $15,000,000 as the result of the trustees' failure to complete the liquidation and transfer on January 1, 2000. They claim that between January

1, 2000 and March 9, 2000, the Green Tree 401(k) investments significantly under-performed the ConsecoSave Plan funds, reducing the value and effective buying power of the liquidated Green Tree 401(k) holdings at the time the liquidation and transfer occurred.

Plaintiffs allege that the failure to complete the liquidation and transfer constituted a breach of defendants' fiduciary duties under 29 U.S.C. §§ 1109 and 1132(a)(2) and (3). They seek plan-wide relief and allocation of restored funds to the plan, and equitable relief to former participants through reinstatement in the plan.

Finally, plaintiffs argue that it is appropriate for this action to proceed under the class action provisions of Rule 23 of the Federal Rules of Civil Procedure. Defendants oppose class certification on three principal grounds: (1) that one of the named plaintiffs lacks standing to bring an action under ERISA and therefore cannot represent a class of ERISA plaintiffs, (2) that the plaintiffs' claims are not subject to class-wide proof and that individualized fact questions predominate, and (3) that plaintiffs have failed to demonstrate that class litigation is the superior method of resolving the putative class members' claims.

## DISCUSSION

### I. Class Certification

Rule 23 of the Federal Rules of Civil Procedure sets forth a two-part analysis to determine whether class certification is appropriate. Plaintiffs must first satisfy all four requirements of Fed R. Civ. P. 23(a), showing that: (1) joinder of all members is impractical because the class is too numerous (numerosity), (2) there are questions of fact or law that are common to the class (commonality), (3) the claims or defenses raised by the representative parties are typical of those of the class (typicality), and (4) the representative parties will protect the interests of the class fairly and adequately (adequacy). See Donaldson v. Pillsbury Co., 554 F.2d 825, 829 (8th Cir. 1977).

If all four elements of Fed. R. Civ. P. 23(a) are met, the court must then determine if at least one of the three subdivisions of Rule 23(b) is also met. See Eisen v. Carlisle & Jaquelin, 417 U.S. 156, 163 (1974). Rule 23(b) permits class certification if (1) proceeding with separate actions would create a risk of inconsistent outcomes or a practical disposition of the interests of others not parties to the actions, (2) the party opposing certification has acted or refused to act on grounds such that relief with respect to the class as a whole is appropriate, or (3) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members

and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(1)-(3). Doubts as to the appropriateness of certification should be resolved in favor of the class. See In re Workers' Compensation, 130 F.R.D. 99, 103 (D. Minn. 1990). Plaintiffs bring their motion pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

**A. Rule 23(a) Requirements**

To succeed on a motion for class certification, plaintiffs must first demonstrate that they meet the threshold criteria of numerosity, commonality, typicality and adequacy described above. The court has broad discretion in determining whether the elements of Rule 23(a) have been satisfied. See Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979) (holding that district courts are vested with broad power and discretion in matters of certification and management of class actions).

**1. Numerosity**

To satisfy this element, the class must be so numerous that joinder is impractical. Fed. R. Civ. P. 23(a)(1). Impracticality is not a rigidly defined concept and it is considered on a case-by-case basis. See Parkhill v. Minnesota Mut. Life Ins. Co., 188 F.R.D. 332, 337 (D. Minn. 1999). Courts look to factors such as the number of potential class members, their geographical dispersion, the nature of the action, the size of individual

claims, the likelihood of claims being brought individually, and other factors deemed relevant to the practicality of joining multiple class members. See Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982). See also Boyd v. Ozark Air Lines, Inc., 568 F.2d 50, 54-5 (8th Cir 1977) (considering the number of potential plaintiffs, their geographic dispersion and "all circumstances surrounding the case"). Defendants have not disputed that joinder is impractical. They have, however, acknowledged that the number of potential plaintiffs in this case is significant. (See Def. Mem. Opp'n Class Cert. at 21.)

Plaintiffs assert that there are approximately 4,300 potential class members, located throughout the United States. They also argue that many of the individual claims are relatively small, making individual litigation impractical. Because the number of potential plaintiffs is substantial and the amount of many of the individual claims may be relatively small, the court finds that the numerosity requirement of Rule 23(a)(1) is met.

**2. Commonality Requirement**

To satisfy the commonality requirement, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Even when individual members of the class are not identically situated, if the legal question they share in common is related to the determination of the litigation, the commonality requirement is met. See DeBoer v. Mellon Mortgage Co., 64 F.3d

1171, 1174 (8th Cir. 1995) (citing Paxton, 688 F.2d at 561). Similarly, factual differences among individual claims will not defeat commonality provided the claims arose from a common nucleus of operative facts. See DeBoer, 64 F.3d at 1174. Again defendants have not contested this element.

Plaintiffs claim that defendants owed the same fiduciary duties to each putative class member and that their breach of those duties harmed each class member in essentially the same way. Because all putative class members share the same claim, arising from the same alleged misconduct, under the same legal theory, the court finds that the commonality requirement is satisfied.

**3. Typicality**

Rule 23(a)(3) requires that claims of representative parties be "typical" of those of the class. Generally, typicality will be found where "the claims or defenses of the representatives and the members of the class stem from a single event or are based on the same legal or remedial theory." Paxton, 688 F.2d at 561-62 (citing Charles Wright et al, Federal Practice and Procedure § 1764 at n.21.1 (Supp. 1982)). The typicality standard is "fairly easily met so long as other class members have claims similar to the named plaintiff." Alpern v. Utilicorp United, Inc., 84 F.3d 1525, 1540 (8th Cir. 1996) (citing DeBoer, 64 F.3d at 1174). Typicality and commonality are closely related, and typicality is generally found where the commonality requirement has been met. See Buycks-

Roberson v. Citibank Fed. Sav. Bank, 162 F.R.D. 322, 333 n.13 (N.D. Ill. 1995) (citing Newberg on Class Actions § 3.13 (3d ed. 1992).

Defendants have not challenged plaintiffs' Rule 23(a)(3) typicality. Plaintiffs contend that their claims and those of the putative class "arise from the same event and course of conduct," and that each plaintiff has the same cause of action. (Pls. Mem. for Class Cert. at 14.) The court finds that the claims of the named plaintiffs are sufficiently typical of those of the putative class to meet the requirements of Fed. R. Civ. P. 23(a)(3).

**4. Adequacy**

To ensure that the interests of unnamed class members are fairly and adequately protected, Rule 23(a)(4) requires a finding that the named plaintiffs and their counsel will competently and vigorously pursue the action on behalf of all class members. See Dirks v. Clayton Brokerage Co. of St. Louis, Inc., 105 F.R.D. 125 (D. Minn. 1985). Further, the representatives' interests "must be sufficiently similar to those of the class that it is unlikely that their goals and interests will diverge." Parkhill, 188 F.R.D. at 339. Again, defendants have not attacked plaintiffs' Rule 23(a)(4) adequacy.

Plaintiffs inform the court that Cobb, Wilary and Nokken have each been actively involved throughout the litigation. They note that each has participated in discovery and continue to cooperate with counsel. Plaintiffs further assert that there is no

indication that their interests in the litigation will diverge from, or become antagonistic to, those of any other class member. Since the named plaintiffs and the putative class share the same legal claims, stemming from the same alleged misconduct, their interests are not likely to diverge.

Plaintiffs further assert that their attorneys are well-qualified to represent the class, pointing out their extensive experience in complex and class action litigation. The court finds that plaintiffs are capable of fairly and adequately representing the interests of the entire class and that the requirements of Fed. R. Civ. P. 23(a)(4) are satisfied.

**B. Rule 23(b)(3) Analysis**

Once the requirements of Rule 23(a) have been satisfied, a party seeking class certification must then meet one of the three subdivisions of Rule 23(b). Plaintiffs bring their motion under Rule 23(b)(3), which states in pertinent part:

> (b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied and, in addition: ... (3) the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Fed. R. Civ. P. 23(b)(3).

Rule 23(b)(3) analysis focuses on two principal elements. First, the court must determine whether common questions of law or

fact predominate (predominance) and second, whether a class action is the superior means of resolving the matter (superiority). See Darms v. McCulloch Oil Corp., 72 F.2d 490, 493 (8th Cir. 1983). The rule identifies four areas of inquiry as pertinent to predominance and superiority: (1) individual class members' interest in controlling the litigation, (2) the status of any litigation of the matter already commenced, (3) the advantages and disadvantages of centralizing the litigation in the particular forum, and (4) the difficulty of managing the litigation as a class action. See Fed. R. Civ. P. 23(b)(3)(A)-(D).

**1. Predominance**

Predominance exists when common questions concerning a significant aspect of a case can be resolved in a single action. See Workers' Comp., 130 F.R.D. at 108. When class-wide proof is dispositive of an element of the cause of action, there is no need for individualized inquiry into each class member's position on that issue. See id.. See also Lockwood Motors Inc. v. Gen. Motors Corp., 162 F.R.D. 569, 580 (D. Minn. 1995) (holding that class-wide proof obviates the need to examine individual circumstances). However, the common questions need not be dispositive of the entire matter. They need only predominate. See id. The predominance inquiry focuses primarily on common questions regarding liability. Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987) (quoting Dura-Built Corp. v. Chase Manhattan

Corp., 89 F.R.D. 87, 93 (S.D.N.Y. 1981)). Thus "the fundamental question is whether the group aspiring to class status is seeking to remedy a common legal grievance." Id. (citing 3B Moore's Federal Practice ¶¶ 23.45[2] at 23-306 to 23-307 (2nd ed. 1995)).

Implicit in the concept of predominance is the understanding that some individualized questions may exist. For example, it is common for damages to vary among class members in class action litigation. See In re Worker's Comp., 130 F.R.D. at 108. See also Minnesota v. U.S. Steel Corp., 44 F.R.D. 559, 570 (D. Minn. 1968) (finding Rule 23(b)(3) predominance in a conspiracy case even though damages questions required separate proof and calculations).

Defendants argue at length that plaintiffs have failed to demonstrate that class-wide proof predominates. They contend that plaintiffs' claims stem from alleged misrepresentations made by defendants regarding the timing of the liquidation and transfer of Green Tree 401(k) funds. Because a misrepresentation theory would require proof of individualized reliance on specific communications, no class-wide proof could predominate. Defendants concede, however, that if plaintiffs are instead claiming defendants were simply imprudent in liquidating and transferring the Green Tree 401(k) funds in March of 2000, such claims "may be ... suitable for class litigation." (Defs. Mem. Opp'n Class Cert. at 11 n.4.)

Plaintiffs assert that the litigation is based on questions of law and fact surrounding defendants' alleged breach of fiduciary duties under ERISA. They contend that defendants' actions relate to all class members in the same factual and legal manner. Therefore, they claim that common questions of both law and fact predominate, satisfying that element of Rule 23(b)(3).

While courts are generally not to look at the merits of the action when granting or denying class certification, it may be necessary to consider how the litigation is to proceed in order to determine whether common questions of law or fact will predominate. See e.g., Eisen, 417 U.S. at 178 (1974) (stating that the appropriate inquiry is not whether plaintiff will prevail on the merits, but whether the requirements of Rule 23 have been satisfied). Here, plaintiffs and defendants propose conflicting versions of the nature of the claim, and hence, different legal and factual predicates. However, the complaint makes clear that common questions of both law and fact predominate in the action. The complaint states only one claim: that defendants breached their fiduciary duty by failing to liquidate and transfer Green Tree 401(k) funds to the ConsecoSave Plan in a timely, prudential manner. (See Compl. ¶ 37.) No individualized findings of fact or conclusions of law are necessary to prove or disprove plaintiffs'

cause of action. Therefore, the court finds that plaintiffs have satisfied the preponderance requirement of Fed. R. Civ. P. 23(b)(3).

**2. Superiority**

Rule 23(b)(3) also requires that class litigation be the superior means of adjudicating the claims. Fed. R. Civ. P. 23(b)(3). Superiority is to be judged by the same standards as predominance. See Fed. R. Civ. P. 23(b)(3)(A-D). See also Lockwood, 162 F.R.D. at 582 (noting that where common questions predominate, class litigation frequently avoids duplicative actions, reduces the burden on courts and leads to uniform results); In re Worker's Comp., 130 F.R.D. at 110 (pointing out that judicial management of one complex class action is generally favored over management of hundreds or thousands of smaller, though less complex, actions).

Defendants offer three reasons why class litigation is not the superior means of adjudication in this case. First, they contend that, because ERISA allows parties to seek attorney fees, plaintiffs with modest losses are not discouraged from pursuing their claims. Second, defendants again argue that the action will require numerous individualized fact determinations, making class litigation inefficient. Finally, they contend that these individualized fact questions will make a class action unmanageable. Because the court has already determined that

individual questions are limited primarily to damages, defendants' second and third objections need not be addressed. As for defendants' first objection, it is true that some plaintiffs may not be dissuaded from pressing their claims because ERISA provides for attorney fees. However, judicial efficiency, consistency of outcomes, the manageability of plaintiffs' single cause of action and the desirability of concentrating the litigation in this district all suggest that class litigation is the superior means of proceeding with this matter. See Lockwood, 162 F.R.D. at 582. Therefore, the court finds that plaintiffs have made the requisite showings under Fed. R. Civ. P. 23(a) and (b) and conditionally grants their motion for class certification.

**II. Standing-Class Representative Cobb**

Defendants object to Cobb's qualifications to represent the class, contending that he lacks standing under the civil enforcement provisions of ERISA. Defendants argue that those provisions limit standing to the Secretary of Labor, plan participants, plan beneficiaries and fiduciaries of the plan. See 29 U.S.C. § 1132(a)(2) and (3). Because Cobb, a former employee, is not presently a participant or a beneficiary (nor for that matter Secretary of Labor or a plan trustee), defendants claim he cannot bring an action under ERISA.

Section 1132(a) does, as defendant states, limit standing to participants, beneficiaries and fiduciaries. However, the Act

defines participants to include former employees "who may become eligible *to receive a benefit of any type* from an employee benefit plan...." 29 U.S.C. § 1002(7) (emphasis added). "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989) (citing Saladino v. I.L.G.W.U. National Retirement Fund, 745 F.2d 473, 476 (2nd Cir. 1985). Section 1132(a)(3) specifically permits plaintiffs to seek equitable relief to redress violations of the Act or to enforce "the terms of the plan." 29 U.S.C. § 1132(a)(3). Equitable relief may be sought individually and includes reinstatement in the plan. See Varity Corp. v. Howe, 516 U.S. 489, 507 (1996).

Here, Cobb is a former employee seeking reinstatement to the plan under the equitable provisions of Section 1132(a)(3). If successful in that action, he would become eligible to receive benefits from an employee benefit plan, pursuant to 29 U.S.C. § 1002(7). Although Cobb does not seek damages directly, he raises a colorable claim that he will prevail in a suit for benefits indirectly, through equitable reinstatement in the plan. See Bruch, 489 U.S. at 117-18. Finally, if Cobb is reinstated, he will be deemed to have satisfied plan eligibility requirements. See id.

Therefore, the court finds that Cobb has sufficient standing under ERISA to proceed as a class representative in this action.

## CONCLUSION

Upon review of the file, record and proceedings herein and for the reasons indicated, **IT IS HEREBY ORDERED:** that plaintiffs' motion for class certification [Doc. No. 21] is granted, and the court hereby:

1. Conditionally certifies the following plaintiffs' class of:

> All individuals who are current or former participants or beneficiaries of the ConsecoSave Plan and who, on December 31, 1999 were participants in the Green Tree Financial Corporation 401(k) Plan and who, as of December 31, 1999, had some or all of their retirement assets in their Green Tree Financial Corporation 401(k) Plan invested in the International Fund, Regional Equity Fund, Growth Index Fund, Equity Income Fund, Equity Index Fund, Fixed Income Fund, Balanced Fund or Money Market Fund investment options of the Green Tree Financial Corporation 401(k) Plan;

2. Appoints Brent R. Cobb, Frank J. Wilary and Eric J. Nokken as class representatives for the conditional class; and

3. Designates the law firm of Rider Bennett Egan & Arundel, and attorneys Michael W. Unger, Gary J. Gordon and Gregory M. Erickson as class counsel for the conditional class.

Dated: November 20, 2002

David S. Doty, Judge
United States District Court