UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-2252(DSD/SRN)

Brent R. Cobb, Frank J. Wilary and Eric J. Nokken, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ORDER**

Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian,

Defendants.

Gary J. Gordon, Esq., Michael W. Unger, Esq., Gregory M. Erickson, Esq. and Rider, Bennett, Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for plaintiffs.

Timothy D. Kelly, Esq., Ann C. Hoffman,, Esq. and Kelly & Berens, 3720 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402 and Robert N. Eccles, Esq., Gary S. Tell, Esq. Shannon M. Barrett, Esq. and O'Melveny & Myers, 555 13th Street N.W., Suite 500W, Washington, D.C. 20004-1109, counsel for defendants.

This matter is before the court upon the motion of class counsel to amend the nature of the class certification granted by the court in its order of November 20, 2002. Defendants do not oppose the motion, but do continue to oppose class treatment. For the following reasons, the motion is granted.

FILED FEB 14 2003
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

## BACKGROUND

Following the court's conditional certification of the plaintiff class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, counsel for the parties determined that notification under the provisions of Rule 23(c)(2) could cause significant confusion to class members. Because the action includes claims under provisions of the Employment Retirement Income Security Act ("ERISA") that allow individual plan members to bring claims against plan trustees on behalf of the entire plan, class members who elect to opt-out may nonetheless benefit indirectly from the present action as beneficiaries of the plan. However, their standing to pursue an action individually in that circumstance is unclear, given that such individuals would benefit from relief in favor of the plan in the present action. Also, defendants face the possibility of inconsistent judgments resulting from subsequent individual actions. Class counsel now moves that the court amend its conditional certification and certify the class under Rule 23(b)(1) or 23(b)(2).[1]

## DISCUSSION

The court has discretion to alter or amend an order certifying a class prior to a decision on the merits. See Fed. R. Civ. P.

[1] Unlike Rule 23(b)(3) class members, 23(b)(1) and (b)(2) class members are not afforded an opportunity to opt-out and avoid the preclusive effects of the class litigation.

23(c)(1); In re Int'l House of Pancakes Franchise Lit., 536 F.2d 261, 263 (8th Cir. 1976). While the court has determined that all the requirements of Rule 23(b)(3) are met in this case, "when a choice exists between (b)(1) and (b)(3) certification, generally it is proper to proceed under (b)(1) exclusively in order to avoid inconsistent adjudication or a compromise of class interests." Reynolds v. Nat'l Football League, 584 F.2d 280, 284 (8th Cir. 1978).

Rule 23(b)(1) applies to actions which present a risk of inconsistent or varying adjudications, or where an adjudication as to one class member may be dispositive of the interests of like-situated individuals not party to the adjudication. Fed. R. Civ. P. 23(b)(1)(A) and (B). Rule 23(b)(2) applies where a defendant acted or failed to act with respect to the entire class such that injunctive or declaratory relief may be an appropriate remedy. Fed. R. Civ. P. 23(b)(2).

While the present action includes a claim for equitable reinstatement to the plan on behalf of some former plan participants and is based on defendants' alleged failure to act with respect to the plan, plaintiffs ultimately seek restoration of funds allegedly lost through the trustees' failure to act. Because the court believes plaintiffs' claim is most like an action in damages, it now finds the requirements of Rule 23(b)(1) met and

pursuant to its authority under Fed. R. Civ. P. 23(c)(1), the court amends its conditional certification of the class accordingly.

**CONCLUSION**

For those reasons, **IT IS HEREBY ORDERED** that:

1. The motion of class counsel that the court amend its order of November 20, 2002 conditionally certifying the proposed class is granted.

2. The class is now conditionally certified pursuant to Fed. R. Civ. P. 23(a) and (b)(1).

Dated: February 14, 2003

David S. Doty, Judge
United States District Court