UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Brent R. Cobb, Frank J. Wilary and Eric J. Nokken, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian,

Defendants.

Court File No. 01-CV-2252 (DSD/SRN)

**ORDER FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

The above-entitled matter comes before the Court on motion of the parties herein for preliminary approval of a proposed class action settlement, to authorize notice of the proposed settlement to the class, and to set a final Fairness Hearing at which to consider approval of the proposed settlement.

The Court has previously considered and conditionally approved certification of the class herein and designated class counsel. The general nature of the claims as well as the Court's reasoning for approving this matter as a class action are set forth in the Court's Orders dated November 20, 2002 and February 14, 2003 and are adopted and incorporated herein.

This matter has been the subject of extensive litigation with both counsel completing nearly all discovery with the sole exception of disclosure of defense expert witness opinions and depositions thereof. The proposed settlement follows arms length negotiations that included a mediation in March and subsequent negotiations which finally culminated in a Stipulation of Settlement, executed on May 30, 2003.

The Court, having reviewed and considered the submissions of the parties, all the files, records and proceedings herein, hereby makes the following findings and Order:

FILED JUN 12 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

1. The terms of the Stipulation of Settlement dated May 30, 2003, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the proposed settlement is sufficiently within the range of reasonableness that the Notice of Proposed Settlement should be given as provided in Paragraph 3 of this Order.

2. The Court having previously conditionally certified the class herein finds that same class to be appropriate for the proposed settlement and is as follows:

> [a]ll individuals who are current or former participants or beneficiaries of the ConsecoSave Plan and who, on December 31, 1999 were participants in the Green Tree Financial Corporation 401(k) Plan and who, as of December 31, 1999, had some or all of their retirement assets in their Green Tree Financial Corporation 401(k) Plan invested in the International Fund, Regional Equity Fund, Growth Index Fund, Equity Income Fund, Equity Index Fund, Fixed Income Fund, Balanced Fund or Money Market Fund investment options of the Green Tree Financial Corporation 401(k) Plan.

3. No later than July 15, 2003, class counsel shall cause to be mailed, by first class mail, a notice to all class members that is substantially in the form attached as Exhibit A hereto. The Court finds the plan for notice outlined in the Stipulation of Settlement to be reasonable and the best means practicable for providing notice under the circumstances. Such notice shall constitute due and sufficient notice of the proposed settlement and the Fairness Hearing to all persons or entities effected by and/or entitled to participate in the settlement and is full compliance with the notice requirement of the Federal Rules and due process.

4. Class counsel is authorized to retain a Settlement Administrator in accordance with the terms of the Stipulation of Settlement and this Order. The Settlement Administrator shall preserve any and all written communications from members of the settlement class for one year, subject to further order of the Court. The Settlement Administrator is empowered to safely

keep and invest the settlement trust, in accordance with the settlement terms, but to make no disbursements therefrom without further direction of the Court following the hearing on final settlement approval.

5. The hearing on final settlement approval (the Fairness Hearing) is hereby scheduled to be held before the undersigned on September 5, 2003 at 9:30 a.m., in Courtroom 14W of the United States District Court, Minneapolis, Minnesota to consider the fairness, reasonableness and adequacy of the proposed settlement, the dismissal with prejudice of the plaintiffs' action with respect to the defendants herein and the entry of any final judgment or consent order. The date and time of the Fairness Hearing shall be set forth in the notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to members of the class other than that which may be posted by the Court.

6. Any person that does not comment or object to the settlement, or appear at the hearing either personally or through his or her own attorney, will be represented by class counsel.

7. Any person who wishes to submit comments or objections to the proposed settlement must do so in writing by filing such comments, objections or supporting papers with the Clerk of Court not later than August 22, 2003. Copies of all such papers must also be delivered at the same time to the following:

Class Counsel:
Michael W. Unger, Esq.
Rider, Bennett, LLP
333 South 7th Street, Ste. 2000
Minneapolis, MN 55402

Defense Counsel:
Robert N. Eccles, Esq.
Shannon M. Barrett, Esq.
O'MELVENY & MYERS, LLP
555 13th Street, N.W.
Washington, D.C. 20004-1109

Attendance at the hearing is not necessary; persons wishing to be heard at the Fairness Hearing are required to have filed their written comments and objections as noted above and further to indicate in their written comments or objections, their intention to appear at the Fairness Hearing. Class members need not appear at the hearing or take any other action to indicate their approval or support for the settlement.

8. All proceedings by plaintiffs and/or any other member of the class against defendants are hereby stayed until such time as this Court renders a final decision regarding the approval of the settlement and, if settlement is approved, enters final judgment as provided for in the Stipulation of Settlement.

9. Class counsel is authorized to negotiate with a FDIC insured State or Federal Bank to act as escrow agent for the settlement trust described in the Stipulation of Settlement.

Dated: June 12, 2003

The Honorable David S. Doty
Senior Judge of United States District Court

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Brent R. Cobb, Frank J. Wilary and Eric J. Nokken, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian,

Defendants.

Court File No.: 01-CV-2252
DSD/SRN

**NOTICE OF CLASS ACTION SETTLEMENT AND APPROVAL HEARING**

**READ THIS NOTICE FIRST**

**1. This notice is for your information only. It describes a proposed settlement of a class action against Conseco Services, LLC, Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian (hereinafter referred to as "Defendants") that will result in payments to the 401(k) accounts of certain employees and former employees of Conseco Finance Company. It allows you (but does not require you) to object to the proposed settlement if you so desire. If approved, this settlement will affect the legal rights of everyone in the class by resulting in a dismissal of certain claims against Defendants.**

**2. You are not being sued; you do not need to appear in court; and you do not need to hire an attorney in this case. You have received this notice because records indicate you were an employee of Conseco Finance Company on or about December 1999 to January 2000. Receipt of this notice does not necessarily mean you will receive a payment.**

**3. If you had a 401(k) account in the GreenTree 401(k) Plan (or Conseco Finance 401(k) Plan) and it was transferred and merged into the ConsecoSave Plan you may be (but are not necessarily) entitled to a payment to your ConsecoSave Plan account under this proposed settlement. Depending upon the total amount of your funds transferred to the ConsecoSave Plan, and depending on the investments those funds were in, you may receive a payment to your ConsecoSave Plan account. If you are no longer a member of the ConsecoSave Plan, a new account will be established for you and will be subject to your investment, rollover, or distribution options as provided by the ConsecoSave Plan rules. If the settlement is approved in a hearing, you may receive a payment to your account. You may, but are not required to, attend the hearing.**

**4. If your present address is different than the address on the envelope in which you received this notice, or if the person to whom this notice is addressed is deceased, please provide your new address in writing to ConsecoSave Plan at the following address: ConsecoSave *Plus*, Attn: Human Resources, B1A, 11825 N. Pennsylvania Street, P.O. Box 1911, Carmel, Indiana 46082-1911.**

**Notice of Class Certification and Class Definition**

By Orders of the Court dated November 11, 2002, and February 14, 2003, the United States District Court has certified a class of former or current employees of Conseco Finance Corporation described as follows:

[a]ll individuals who are current or former participants or beneficiaries of the ConsecoSave Plan and who, on December 31, 1999 were participants in the Green Tree Financial Corporation 401(k) Plan and who, as of December 31, 1999, had some or all of their retirement assets in their Green Tree Financial Corporation 401(k) Plan invested in the International Fund, Regional Equity Fund, Growth Index Fund, Equity Income Fund, Equity Index Fund, Fixed Income Fund, Balanced Fund or Money Market Fund investment options of the Green Tree Financial Corporation 401(k) Plan.

**Notice of Parties and Their Claims**

This class of individuals is represented by the three plaintiffs listed above, Frank Wilary, Eric Nokken and Brent Cobb, ("Class Plaintiffs"), who brought claims in November 2001, on behalf of the entire class, alleging that fiduciaries of the ConsecoSave Plan during the relevant time, Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian ("Defendants") breached their fiduciary duties by delaying the transfer of assets of the former GreenTree 401(k) Plan to the ConsecoSave Plan beyond the first business day of 2000. Class plaintiffs allege that the assets transferred on or about March 10, 2000, suffered a loss of value by reason of the alleged delay. Class Plaintiffs seek to recover the alleged losses and to have the losses restored to the affected 401(k) plan accounts within the ConsecoSave Plan. Since many of the affected class members have since left the ConsecoSave Plan, Class Plaintiffs seek to have them reinstated for the purpose of restoring losses in a tax deferred retirement account.

Defendants have denied all allegations of breach and allege they acted diligently and properly in all respects and that all losses were merely due to market fluctuation during an anticipated transition period. Defendants contend that the asset transfer was never expected or required to occur until completion of a quarterly accounting in or about March of 2000.

The plaintiffs and class members in this case are represented by Michael W. Unger of Rider Bennett, LLP, 333 South 7th Street, Suite 2000, Minneapolis, Minnesota 55402.

The defendants (Conseco Services, L.L.C., et al.) are represented by Robert N. Eccles and Shannon M. Barrett, O'Melveny & Myers, LLP, 555 13th Street, N.W., Washington, D.C. 20004-1109.

**Summary of Proposed Settlement**

The parties have now reached a settlement proposal which they seek to have approved by the court. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, THIS SETTLEMENT DOES AFFECT YOU. YOU DO NOT HAVE THE RIGHT TO OPT OUT OF THE SETTLEMENT. YOU DO HAVE THE RIGHT TO COMMENT OR OBJECT TO THE SETTLEMENT BEFORE IT IS APPROVED BY THE COURT. Please read the details of the settlement to determine whether you wish to object or comment upon it.

Defendants have funded a settlement trust totaling $3.75 million dollars. The total trust of $3.75 million, together with interest earned thereon, is proposed to be distributed as follows:

1.) Payment of the bulk of the settlement proceeds, estimated to exceed $2.4 million, to the ConsecoSave Plan to be allocated to the 401(k) accounts of class members in proportion to their share of the total loss incurred.

2.) Up to one-third of the initial trust amount, or $1.25 million, to pay for class counsel's attorneys' fees and reasonable out-of-pocket expenses for the representation of the class in this litigation.

3.) Compensation of all class representatives for their time and risk in pursuing the claims impliedly critical of their employers, not to exceed $30,000 in total.

4.) Payment of extraordinary costs, not to exceed $15,000, reasonably expected to be incurred in connection with the distribution and allocation of the settlement proceeds and for distribution and/or filing of required plan information, government or tax reports.

5.) Payment of expenses from the administration of the settlement trust, including tax reporting and withholding.

Under the terms of the settlement, funds will be paid into tax deferred 401(k) accounts. The funds will be initially placed in the ConsecoSave Stable Value Fund, but may be redirected to other funds if the recipient chooses to do so under the terms of the ConsecoSave Plan. Investment, withdrawal and distribution of the funds will be subject to the plan rules governing the ConsecoSave Plan. In the case of former participants of the Plan who are reinstated to receive an allocation, the size of the amount will determine whether the funds may remain in the plan at the participants' option or be subject to distribution, rollover, etc.

Not all class members will receive a benefit. Persons whose share of the allocation is below $15.00 will not receive an allocation under terms of the settlement. As a general matter, persons who fall within this exclusion are either persons with relatively small 401(k) balances at the end of 1999, or persons who were primarily invested in the First American Prime Obligations or the FAR New Income Fund at the time of the merger. Such persons may receive little or no benefit due to either the size of their 401(k) balance and/or the performance of those particular funds and the corresponding ConsecoSave funds to which they were mapped.

In return for the payments described above, all class members, including those not receiving payments, will be deemed to have released any and all claims against Defendants and associated entities and individuals defined in the Stipulation of Settlement arising from the timing of the merger of the GreenTree 401(k) and the ConsecoSave 401(k) during January through March of 2000.

**Details of Settlement**

The actual Stipulation of Settlement is on file with the United States District Court in the District of Minnesota Court File No. 01-CV-2252. The address of the court is provided below with description of the approval hearing. Class counsel has also posted the entire stipulation of settlement on the internet at www.consecoclassaction.com.

**Approval Hearing: Time, Date, Place**

On ______________ at _________, the Court will hold a hearing in Courtroom 14W of the United States District Courthouse, Minneapolis, Minnesota to consider final approval of the settlement and the requested attorneys and class representative fees. Motion papers in support of the settlement will be filed with the Court and available for review during business hours at the clerk's office after July ___, 2003.

All comments, objections, or requests to speak at the hearing must be addressed in writing to the Clerk of Court and the attorneys for the parties NO LATER THAN AUGUST __, 2003. The addresses for the attorneys and the Court are as follows:

Class Counsel:

Michael W. Unger, Esq.
Rider, Bennett, LLP
333 South 7th Street, Ste. 2000
Minneapolis, MN 55402

Defense Counsel:

Robert N. Eccles, Esq.
Shannon M. Barrett, Esq.
O'MELVENY & MYERS, LLP
555 13th Street, N.W.
Washington, D.C. 20004-1109

Richard B. Sletten, Clerk
United States District Court
United States Courthouse
300 South Fourth Street, Ste. 202
Minneapolis, MN 55415

**DO NOT CALL THE CLERK'S OFFICE.**

No comment or objection will be considered unless postmarked and properly addressed by August ___, 2003.