ORIGINAL

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Brent R. Cobb, Frank J. Wilary and Eric J. Nokken, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

Conseco Services, L.L.C., Rollin M. Dick, John J. Sabl, James S. Adams and Thomas J. Kilian,

Defendants.

**ORDER FOR FINAL APPROVAL OF CLASS SETTLEMENT, DISMISSAL WITH PREJUDICE AND ORDER FOR FINAL JUDGMENT**

Court File No.: 01-CV-2252 DSD/SRN

This matter comes before the Court upon joint motion of class counsel and defendants for final approval of the proposed class settlement. This Court granted preliminary approval and made certain findings and conclusions in its Orders dated November 11, 2002, and February 14, 2003. All findings and conclusions therein are hereby adopted and incorporated as part of this Order as fully set forth herein.

On September 5, 2003, this Court heard the arguments of counsel and received no objections or opposition to the proposed Settlement Agreement. Due notice of the settlement and the fairness hearing were given by First Class U.S. Mail to the approximately 4,200 members of the class.

Having held the fairness hearing and considering the submissions and arguments made in connection with the motion for final approval of the settlement, the Court makes the following Findings, Conclusion and Order:

## FINDINGS OF FACT

1. The proposed class settlement is found to be fair, reasonable and adequate in all respects. Both the monetary and injunctive terms of the settlement, as well as the proposed attorneys' fees and costs, provide a fair and adequate relief of the class.

FILED SEP 0 5 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. The settlement is not the product of collusion, but rather one of hard fought negotiation between adversaries.

3. Notice was mailed by First Class U.S. Mail to all members of the class on or about July 15, 2003, in accordance with the Court's Orders dated November 11, 2002, and February 14, 2003.

4. Over 4,000 class members were notified of the settlement and hearing and no objection to the settlement or attorneys' fees petition has been received from any class member.

5. Class counsel, on behalf of the class members, has negotiated a settlement providing a total common fund of $3.75 million. Additionally, class counsel has obtained an agreement for issuance of injunctive relief to require reinstatement of class members who were formerly participants in the ConsecoSave plan and to provide for restorative payments to be made to class members' qualified retirement accounts.

6. The Court expressly finds that this settlement and the proposed method of settlement allocation, which is hereby expressly approved, will result in the maximum benefit for class members and reasonably excludes diminimus allocations of $15.00 or less.

7. In light of the litigation of the underlying claims, the nature of the claims for which class relief was proceeding, the quality of the monetary and injunctive relief obtained, the results obtained for the common benefit of the members of the class and the sustained efforts of class counsel to obtain an early resolution of the claims, the Court finds that the percentage of the benefit method of calculation of attorneys' fees is the most appropriate measure for an award of attorneys' fees to class counsel. Accordingly, the Court finds that reasonable attorneys' fees equal to one-third of the total amount recovered should be awarded from the settlement fund. The Court also finds the costs, in a total amount of $74,256.71, to be reasonable and appropriate and to be reimbursed from the settlement fund.

8. In light of the risks undertaken, as well as the substantial efforts expended by the class representatives herein, the Court finds the proposed class representative incentive awards of $10,000.00 per class representative to be reasonable.

9. Notice to the class members was given in an adequate, reasonable, and sufficient manner that constitutes the best notice practicable. Members of the class were given full opportunity to participate in the fairness hearing.

10. The provisions of the Settlement Agreement which allow for payment of extraordinary administrative costs in an amount not to exceed $15,000.00 are found to be reasonable.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the subject matter of this litigation and over all parties to this litigation, including all members of the class certified herein.

2. The notice previously given to the class members of the settlement set forth in the Stipulation and other matters as set forth in the notice was the best notice practicable under the circumstances. The notice fully and accurately informed members of the class of all material elements to the litigation and the proposed settlement and provided a due, sufficient, and adequate notice of those proceedings and of the matter set forth therein to all persons entitled to notice. The notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as well as the requirements of due process.

3. The settlement of this action provided for in the Stipulation is, in all respects, fair, reasonable, and adequate to the members of the class in accordance with Rule 23 of the Federal Rules of Civil Procedure.

4. The plan of allocation presented by the parties as part of the settlement is expressly approved as a fair, reasonable, and prudent settlement under the circumstances of this

case. The settlement amount represents a fair recovery for class members and the proposed allocation reflects a fair distribution of the class settlement.

5. The settlement of this case results in meaningful injunctive relief and creation of a common fund in the amount of $3.75 million for the class members. Plaintiffs' counsel is entitled to payment of attorneys' fees from the class settlement fund under the common benefit rule. See Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). One-third of the amount recovered is, under the circumstances of this case, a reasonable attorneys' fees calculated under a "percentage of the benefit" measure. See In re U.S. Bancorp Litigation, 291 F.3d 1035 (8th Cir. 2002); In re Airline Ticket Commission Antitrust Litigation, 453 F.Supp. 280 (D. Minn. 1997). Class counsel's request for reimbursement of costs is also reasonable and appropriate in amount. Requested incentive awards for the class representatives in this case are reasonable, appropriate, and may be awarded. See e.g. In re U.S. Bancorp Litigation, 291 F.3d 1035, 1038 (8th Cir. 2002).

6. The proposed injunctive relief to reinstate class members who are no longer participants in the ConsecoSave Plan is appropriate and reasonable under the circumstances. Further, injunctive relief ordering the trustees of the ConsecoSave Plan to direct proceeds from the class settlement to the individual accounts of class members in accordance with the terms of the Settlement Agreement is also reasonable and appropriate as an exercise to the Court's injunctive powers under ERISA.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves settlement of this action as provided for in the Stipulation for Settlement and the Plan of Distribution set forth therein and finds that said settlement is, in all respects, fair, reasonable, and adequate to the class, and within the authority of the parties, and not the product of collusion.

2. The class is hereby finally certified under Rule 23 of the Federal Rules of Civil Procedure and defined as follows:

> [a]ll individuals who are current or former participants or beneficiaries of the ConsecoSave Plan and who, on December 31, 1999 were participants in the Green Tree Financial Corporation 401(k) Plan and who, as of December 31, 1999, had some or all of their retirement assets in their Green Tree Financial Corporation 401(k) Plan invested in the International Fund, Regional Equity Fund, Growth Index Fund, Equity Income Fund, Equity Index Fund, Fixed Income Fund, Balanced Fund or Money Market Fund investment options of the Green Tree Financial Corporation 401(k) Plan.

3. The Court hereby finds the class counsel's application for fees in the amount of one-third of the recovery ($1.25 million), and costs in the amount of $74,256.71, are reasonable and warranted under the circumstances. Payment of fees and costs not to exceed those amounts shall be made from the settlement fund pursuant to the request of class counsel.

4. Payment of extraordinary administrative costs, consistent with the terms of the Settlement Agreement, may be made upon request provided they do not exceed $15,000.00.

5. The settlement fund shall withhold distribution of the sum necessary to ensure payment of settlement fund taxes and reasonable accounting charges incurred in connection with such tax payments, withholding or filing.

6. The ConsecoSave Plan and the trustees of the ConsecoSave Plan and its plan administrator are hereby ordered to reinstate any and all eligible class members, who are no longer ConsecoSave participants, for the sole purpose of distributing tax qualified restorative payments to those individuals' accounts as provided in the class settlement.

7. The ConsecoSave Plan, the trustees of the ConsecoSave Plan, and the plan administrator, shall accept the net distribution of settlement proceeds from the settlement fund herein and allocate them to the ConsecoSave Plan accounts of the class members in accordance with the provisions of the Settlement Agreement herein.

8. Subject to full performance by all parties of all obligations undertaken pursuant to the Stipulation and the Order of this Court, the Court hereby dismisses this action on the merits and with prejudice against all persons who are members of the class, as to all settled claims against defendants as defined in the Stipulation.

9. All class members are hereby conclusively deemed to have released and discharged defendants as to all settled claims. Notwithstanding the above, plaintiffs and the class members have not released defendants from performing their obligations under the Stipulation, Plan of Distribution or this Order.

10. All class members are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims settled herein.

11. Without affecting the finality of this judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and distributions to class members and others; (b) disposition of the settlement funds; (c) this action until each and every act agreed to be performed pursuant to the Stipulation has been performed; and (d) all parties to this action and the class members for the purpose of enforcing and administering the Stipulation.

12. The Court expressly directs entry of Final Judgment and expressly determines that there is no just reason for delay in the entry of this Final Judgment or appeal therefrom.

**SO ORDERED**, this 5TH day of September 2003.

BY THE COURT:

The Honorable David S. Doty
Judge of District Court

1031542-2